# Edith Darlington, Plff. in Err., *v.* Frank P. Darlington.

Where one contributes part of the purchase money of land bought in the name of another, in pursuance of a parol agreement between them that a third party shall have the use of the land for life, the trust thus created falls upon the repayment of the money contributed; and the third party cannot thereafter maintain an action for possession of the premises.

(Argued February 11, 1887.  Decided February 21, 1887.)

January Term, 1886, No. 349, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and CLARK, JJ.  Error to the Common Pleas of Chester County to review a judgment on a verdict for the plaintiff in an action of ejectment.  Affirmed.

In the year 1854 Edith Darlington, widow of Thomas Darlington, removed from the farm where she had lived, which had been taken in partition by her son Samuel C., to West Chester. Her children rented a house for her on Church street, for one year, from Benjamin F. Haines.  During that year the events occurred which gave rise to this case.  They are stated in the charge to the jury by FUTHEY, P. J.:

This is an action of ejectment brought by Frank P. Darlington against Edith Darlington, to recover possession of a house and lot situated in this borough.

The plaintiff has offered in evidence his chain of title, showing that he is the holder of the legal title, in fee simple, of the premises in dispute.

The defendant claims the right to retain the possession of

Cited in Darlington v. Darlington, 5 Pa. Co. Ct. 133, where further proceedings in this case will be found.

the premises during her lifetime, and seeks to establish a trust in her favor, arising under the following circumstances:

It appears from the evidence that Samuel C. Darlington purchased the property in 1855, by virtue of an article of agreement, under which he paid the sum of $300; that he was unable to raise the balance of the purchase money, when the deed was to be delivered, and that his brother, T. Chalkley Darlington, took the title by the payment of $2,000, the sum of $2,300 having been the total amount of the purchase money.

The principal testimony relating to the subject of the trust was given by Samuel C. Darlington, who testified as follows:

"I got disappointed in getting my money. Chalkley came in, and we made an arrangement by which he was to take the property. He said he would take the property, and the title was to be made to him, and Mother was to have a home there during her lifetime. The title was made to him, and he paid the balance of the purchase money. The arrangement was that my $300 was to remain in there as long as she lived, without interest. That was about the arrangement between me and Chalkley, before the title was passed."

Jesse G. Darlington testified that T. Chalkley Darlington subsequently spoke to him of his mother having a life right in the property.

[It also appears from the testimony that in 1882, after the death of T. Chalkley Darlington, an agreement was made between those representing his estate and Samuel C. Darlington, by which the $300 of the purchase money was repaid to Samuel C. Darlington.

I instruct you, under the undisputed facts in the case, that, if a trust ever existed in favor of the defendant, it terminated upon the repayment of this sum of $300 by the estate of T. Chalkley Darlington to Samuel C. Darlington, and that whatever may have been the prior rights of the defendant in the property, she had no subsequent right to possession, and that therefore your verdict must be in favor of the plaintiff.]

I have been requested by the defendant to instruct you upon certain points, for the purpose of raising the legal questions involved in the case, *viz.*:

1. "The agreement between T. Chalkley Darlington and his brother, Samuel C. Darlington, in pursuance of which the legal title to the messuage and lot in West Chester was conveyed to

the former, was a declaration of trust by him on sufficient consideration, in favor of his mother, Edith Darlington. Under such trust Edith Darlington is entitled to use, occupy, and enjoy the said messuage during her lifetime, against the said T. Chalkley Darlington and any person who, with notice of said trust, claims under him."

In answer to this point I instruct you that while, under the arrangement between the two brothers, the defendant may have had a right to remain in possession of the premises, as long as that arrangement continued, it was ended by the receipt of the $300 by Samuel C. Darlington, which he claims to have paid as part of the purchase money, the effect of which was that the whole of the purchase money was paid by T. Chalkley Darlington, the title would vest in the latter, and the trust would subsist no longer than the $300 remained in the hands of T. Chalkley Darlington.

2. "The trust, having been created before the passage of the act of April 22, 1856, may be established by parol proof."

This point is affirmed.

3. "Edith Darlington, by reason of her continuous possession of the said messuage and lot, from the year 1855 to the present time, is not prevented from asserting the trust therein in her favor, by § 6 of the act of April, 1856."

This point is affirmed.

4. "The possession of the premises by Edith Darlington, in the absence of any proof that she ever recognized a title thereto superior to her own, will be referred to the claim of right which she now sets up; and such possession having been peaceable, undisputed, and continuous for more than twenty-one years, she has acquired a good title, coextensive with her claim, by the statute of limitations."

Under the facts in the case, I instruct you that the defendant has no right to the possession of the premises, and that the plaintiff is entitled to recover. The point is disaffirmed, and your verdict should be for the plaintiff.

Verdict and judgment were accordingly for the plaintiff.

The assignments of error specified the portion of the charge included in brackets, and the answers to the first, second, third, and fourth points.

*Thomas W. Pierce,* for the plaintiff in error.—The agreement made at the time the title was taken, and in pursuance of which the title was suffered to be made to him, constituted T. Chalkley Darlington a trustee of the land, for his mother during her lifetime, under an express trust according to the terms of that agreement. The trust, having been created prior to the passage of the act of April 22, 1856, can be enforced although, it lies in parol, such a trust not being within the 1st section of the act of March 21, 1772, for the prevention of frauds and perjuries.

The act of March 21, 1772, omits § 7 of statute 29, Car. II. This omission cannot be imputed to accident. The act does not prevent any declaration of trust being made by parol. German v. Gabbald, 3 Binn. 304, 5 Am. Dec. 372; Wallace v. Duffield, 2 Serg. & R. 521, 7 Am. Dec. 660; Peebles v. Reading, 8 Serg. & R. 484; Murphy v. Hubert, 7 Pa. 423; Morey v. Herrick, 18 Pa. 128; McKee v. Jones, 6 Pa. 425; Wetherell v. Hamilton, 15 Pa. 198.

The evidence to establish an express trust declared by parol will necessarily lie in parol, and no distinction could be made under our decisions between this class of trusts and the proof to establish them, and those implied in law.

This was the state of the law as to parol trusts down to the enactment of the act of April 22, 1856, the provisions of which as to the creation of trusts are held to be prospective and not to affect such trusts as had been created prior to its enactment. Lingenfelter v. Ritchey, 58 Pa. 488, 98 Am. Dec. 308.

Where there is a purchase in pursuance of a prior agreement, founded in consideration, the holder will be declared a trustee, for then there is more than the violation of a mere parol promise. Blyholder v. Gilson, 18 Pa. 137; Wolford v. Herrington, 86 Pa. 39; Cowperthwaite v. First Nat. Bank, 102 Pa. 397.

A trust, although voluntary, becomes absolute by the *cestui que trust* taking possession of the premises, and cannot be revoked by the grantors. 1 Perry, Tr. § 104, ed. 1874; Dennison v. Goehring, 7 Pa. 175, 47 Am. Dec. 505; Greenfield's Estate, 14 Pa. 489; Kirkpatrick v. M'Donald, 11 Pa. 387; Ritter's Appeal, 59 Pa. 9; Crawford's Appeal, 61 Pa. 52, 100 Am. Dec. 609; Dellinger's Appeal, 71 Pa. 425.

The statute of limitations bars the plaintiff's action in trying to enforce the paper title against the *cestui que trust,* who has

been in possession for the full statutory period under the alleged trust. The fact that she claims to own a life estate only, and not the entire fee, will not prevent her interposing the statute as a bar. Necl v. McElhenny, 69 Pa. 300.

*A. Wanger,* for defendant in error.—If Samuel C. Darlington had paid the balance, $2,000, of the purchase money and taken the deed, it is very clear there could be no trust; and that his brother, T. Chalkley Darlington, took this contract with the grantor off his hands could not change the character of the grant.

On a similar condition of facts, Judge SHARSWOOD said: "Had the plaintiffs rested their case after giving in evidence this paper, it is too plain for argument that they would have made out no title. That Joseph F. Quay intended, when he bought the land, to give it to his sister, Elizabeth, would have raised no trust for her; and that he had received from his father, Robert Quay, $100 to pay on account of his purchase, without further explanation would not help the matter." Hays v. Quay, 68 Pa. 263.

A purchase of land by a guardian, which he declared at the time to be for the use of his ward, is not such a trust as can be enforced by the ward, but is within the statute of frauds and perjuries; for where a man declares publicly that he purchased for another without any previous agreement, or without any advance of money, this is not such a transaction as raises a trust which can be enforced in equity. Robertson v. Robertson, 9 Watts, 32.

In order to take a parol gift of land out of the statute of frauds, possession must be taken in pursuance of the gift. A previous possession will not have that effect. Christy v. Barnhart, 14 Pa. 260, 53 Am. Dec. 538.

A parol contract which, if valid and reduced to writing, might be construed to give a life estate to the grantee, remainder in fee to his wife, being unwritten, is within the statute of frauds, and has the force and effect of a lease at will. Clark v. Smith, 25 Pa. 137.

The possession must be exclusive of the donor. Frye v. Shepler, 7 Pa. 91.

Where there is nothing more in the transaction than is implied from the violation of a parol agreement, equity will not decree the purchaser a trustee. Williard v. Williard, 56 Pa. 119.

A party cannot have the price of the land sold and the land itself. Maple v. Kussart, 53 Pa. 348, 91 Am. Dec. 214.

The declaration of T. Chalkley Darlington was not admissible as evidence, for it was not made to Edith Darlington, and was a mere loose declaration. Miller v. Hartle, 53 Pa. 108; Hugus v. Walker, 12 Pa. 173; Taylor v. Henderson, 38 Pa. 60.

If Edith Darlington received from these sons anything more in this land than a lease at will, or from year to year, it was an estate,—a life estate,—which is within the terms of § 2 of the act of 1772, and could not be established by parol evidence. Her interest, if any, "lies in grant, which cannot be enforced by parol evidence." Huff v. McCauley, 53 Pa. 206, 91 Am. Dec. 203; Myers v. Byerly, 45 Pa. 368, 84 Am. Dec. 497; Hill v. Meyers, 43 Pa. 170.

An equitable interest is an interest in land which comes within the words and spirit of the statute of frauds, and, therefore, a vendee in possession under articles can resist an action by the vendor who, having the legal title, seeks to recover possession by proving a verbal contract to resell it to him on different terms. Meason v. Kaine, 63 Pa. 335; Goucher v. Martin, 9 Watts, 106; Yeakle v. Jacob, 33 Pa. 376.

PER CURIAM

The plaintiff in error entered into possession of the premises under a lease from Haines for the term of one year. While she was so holding and occupying the premises, the agreement under which she now claims was made between her sons, by which the title of Haines was purchased. She was not a party to that contract and did not pay any portion of the purchase money. Whatever enlarged estate she may have acquired arose wholly from the agreement of Samuel Darlington and his payment of $300.

When the money was repaid or accepted by him all his rights ceased. When the trust fell, all the rights of the plaintiff in error fell with it.

Judgment affirmed.